IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JAMES LOGAN, )
 )
    Plaintiff, )
 )    CASE NO. 1:12-cv-0003
vs. )    JUDGE HAYNES
 )
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
 )
    Defendants. )

## MEMORANDUM

Plaintiff, James Lester Logan, filed this action under the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, against the Defendants: Corrections Corporation of America ("CCA"), Warden Arvil Chapman, Byron Ponds, Jason Casteel, Danny Whitehead, Damon Hinnegar ("CCA Defendants")[1], Tennessee Department of Corrections ("TDOC"), Derrick Schofield, and Reuben Hodge ("TDOC Defendants"). Plaintiff asserts that Defendants denied him access to the prison's telephones based upon his disability. Plaintiff also asserts Section 1983 claims for violations of his Fourteenth Amendment rights to equal protection, as a hearing-impaired inmate, he was denied equal access to telephones allowed to non-hearing-impaired inmates. Plaintiff's claim under Title VI of the Civil Rights Act of 1964 asserts discrimination on the basis of race, color, or national origin. Plaintiff seeks declaratory relief and damages in the amount of $900,000 for pain and suffering.

Before the Court is the TDOC Defendants' motion to dismiss (Docket Entry No. 36)

---

[1] In a companion memorandum, the Court granted summary judgment for the CCA Defendants.

contending, in essence: (1) that Plaintiff fails to state a claim under the ADA because his allegations do not relate to the denial of services, programs or activities of a public entity; (2) that Plaintiff does not allege any intentional discrimination on the part of the Defendants in particular because of his disability; (3) that the ADA does not provide for claims against government officials in their individual capacities; (4) that any official capacity claims by the Plaintiff under the ADA are barred by the Eleventh Amendment; (5) that Plaintiff fails to state a claim under § 1983 because he has not alleged any personal involvement by the Defendants or that Defendants intentionally discriminated against him because of his membership in a protected class; (6) and that Plaintiff's claims under § 1983 are barred by the Eleventh Amendment. Plaintiff has not filed a response. Yet, this Court must also consider any specific facts in Plaintiff's verified complaint. Williams v. Browman, 981 F.2d 901, 905 (6th Cir. 1992).

## A. Analysis of Amended Complaint

Plaintiff, James Logan, is an inmate at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. (Docket Entry No. 8, Amended Complaint at 2). Plaintiff is one of two deaf inmates at SCCF. Id. at 7. Although CCA has a Telecommunication Device for the Deaf ("TTY"), Plaintiff asserts that non-hearing-impaired inmates are provided better access to telephones than deaf inmates because prison staff do not know how to operate the TTY. Id. at 8. Plaintiff asserts that prison staff do not want the deaf inmates to use the TTY. Id. Plaintiff asserts that he "can not get to use the TTY Phone at night" and "can not get to use the TTY phone after counts." Id. Plaintiff states:

> At this prison here in Clifton, TN the Corrections Corporation of America -
> (CCA) don't know how to set up the TTY, the TTY system into Inmate Telephone
> system and don't want me (James Logan) and Brandon Thygesen to use the TTY

2

>     Phone in the pod, want to keep the TTY Phone in the office locked up in the closet all the time.

Id.

Plaintiff asserts that all inmates in the Tennessee prison system are allowed to "use the phones to call their [families] any time throughout the day after counts," but deaf inmates must request an appointment to use the TTY. Id. at 7-8. Plaintiff states that hearing-impaired inmates are "suppose to use the TTY phone anytime, not 1 time a week, not one time a day" and that prison staff "will not allow the hearing impaired inmates access to 800 or 711 telephone numbers to reach a relay center." Id. at 8. Plaintiff believes a letter allegedly sent to Defendant Hodge regarding the TTY was ignored. (Docket Entry No. 1, Complaint at 4).

### B. Conclusions of Law

Upon a motion to dismiss, the Court must accept the complaint's factual allegations as true and construe the complaint liberally in favor of the plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). To survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Indeed, "it is not…proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated…laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement". Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'". Id. at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 555 . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 677-79.

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Thus, "when deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings." Armengau v. Cline, No. 99-4544, 7 F.App'x 336, 343 (6th Cir. March 1, 2001). The Sixth Circuit has taken a "liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." Id. at 344. "If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. At this preliminary stage in litigation, courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Id. (citations omitted).

Pro se pleadings, as here, are to be liberally construed. Martin v. Overton, 391 F.3d 710, 712 (6th Cir.2004) (citing Haines v. Kerner, 404 U.S. 519 (1972)). "Notwithstanding, pro se complaints must satisfy basic pleading requirements because 'liberal construction does not require a court to conjure allegations on a litigant's behalf.'" Rahman El v. First Franklin Financial Corp., No. 09-cv-10622, 2009 WL 3876506, at *5 (E.D. Mich. Nov. 17, 2009) (citing Martin, 391 F.3d at 714); see also Copeland v. Ocwen Bank, No. 06-14817, 2007 WL 496448 (E.D. Mich. Feb. 12, 2007) ("Even pro se litigants must meet minimum standards...The court is 'not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.'") (citations omitted).

### 1. ADA and Rehabilitation Act Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity or be subject to discrimination by any such entity." 42 U.S.C. § 12132. To recover on a claim of discrimination under the ADA, a plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability. Tucker v. Tennessee, 539 F.3d 526, 532 (6th Cir. 2008) (citation omitted). Additionally, a plaintiff must show that "the discrimination was intentionally directed toward him or her in particular." Id. (emphasis in original). If these requirements are met, "the burden shifts to the defendant to show that the accommodation sought and not provided would have resulted in a fundamental alteration of the procedures or an undue financial or administrative burden." Id. at 532-33.

In passing the ADA, Congress abrogated state sovereign immunity under the Eleventh Amendment. See 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."). Yet, in Popovich v. Cuyahoga County Court of Common Pleas, 276 F.3d 808 (6th Cir. 2002), the Sixth Circuit, citing Board of Trustees of the Univ. of Alabama v. Barnett, 531 U.S. 356, 365-68, 72-74 (2001), determined that Congress could abate a state's Eleventh Amendment immunity as to Title II claims sounding in due process, but not equal protection. Id. at 812-13; Carten v. Kent State Univ., 282 F.3d 391, 395 (6th Cir. 2002) ("[T]he Eleventh Amendment bars equal protection ADA Title II claims against state entities.").

Inmates have a First Amendment Right to communicate with family and friends. Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994)(citation omitted). Yet, "an inmate 'has

6

no right to unlimited telephone use.'" Id. (citation omitted). Here, Plaintiff seeks better access to the TTY similar to "all inmates across the prison system across Tennessee [who] get to use the phones to call their familys any time throughout the day after counts." (Docket Entry No. 8 at 7). This claim sounds in equal protection, not due process. See Tanney v. Boles, 400 F. Supp. 2d 1027, 1046 (E.D. Mich. 2005); Spurlock v. Simmons, 88 F. Supp.2d 1189 (D. Kan. 2000); Douglas v. Gusman, 567 F. Supp.2d 877 (E.D. La. 2008). Accordingly, Plaintiff's claims for money damages and declaratory relief against TDOC are barred by the Eleventh Amendment. Carten, 282 F.3d at 394-95, 397-98. For these same reasons, Plaintiff's claims for money damages against Schofield and Hodge in their official capacities are also barred by the Eleventh Amendment. Id. at 394-95; Johnson v. City of Saline, 151 F.3d 564, 573 (6th Cir. 1998)(Punitive damages are not available under title II of the ADA or the RA).

The Eleventh Amendment does not bar claims under the ADA that seek prospective relief against state officials in their official capacities. Carten, 282 F.3d at 395-97. As to Plaintiff's claim for declaratory relief against Schofield and Hodge in their official capacities, Plaintiff has notified the Court that he was released from prison. (Docket Entry Nos. 38 and 39). Because Plaintiff is no longer incarcerated at SCCF, Plaintiff's request for declaratory relief is moot. Moore v. Curtis, 68 F.App'x 561, 562 (6th Cir. 2003) (citing Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996)). Moreover, Title II of the ADA does not provide for personal liability for Defendants Schofield and Hodge in their individual capacities, . Williams v. McLemore, 247 F.App'x 1, 8 (6th Cir. 2007).

To the extent Plaintiff asserts claims under the Rehabilitation Act, 29 U.S.C. § 794 ("RA"), the RA provides that:

7

"[n]o otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under <u>any program or activity receiving Federal financial assistance</u>...."

29 U.S.C. § 794(a) (emphasis added).

A "program or activity" includes:

"(1)(A) a department, agency, special purpose district, or other instrumentality of a State or local government; or
(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended in the case of assistance to a State or local government..."

<u>Id.</u>, § 794(b)(1)(A), (B).

To establish a violation of the RA, a plaintiff must prove that:

(1) The plaintiff is a "handicapped person" under the Act; (2) The plaintiff is "otherwise qualified" for participation in the program; (3) The plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap; and (4) The relevant program or activity is receiving Federal financial assistance.

<u>Maddox v. University of Tennessee</u>, 62 F.3d 843, 846 (6th Cir. 1995).

Congress has abrogated the sovereign immunity of states under the Eleventh Amendment to claims arising under the RA. 42 U.S.C. § 2000d-7; <u>Nihiser v. Ohio E.P.A.</u>, 269 F.3d 626, 628 (6th Cir. 2001). Defendants do not address Plaintiff's RA claim. Based on this record and liberally construing the complaint in the Plaintiff's favor, the Court concludes that Plaintiff's RA claim survives as to TDOC and the individual Defendants in their official capacities. See <u>Tanney</u>, 400 F. Supp.2d at 1047.

As to Schofield and Hodge sued in their individual capacities, the RA does not allow suit against officials sued in their individual capacities. <u>Lee v. Michigan Parole Bd.</u>, 104 F.App'x 490, 493 (6th Cir. 2004). Moreover, because Plaintiff is no longer incarcerated at SCCF,

8

Plaintiff's claims for declaratory relief under the RA are moot. Moore, 68 F.App'x at 562.

## 2. § 1983 Claims

To state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. Berger v. City of Mayfield Heights, 265 F.3d 399, 405 (6th Cir. 2001).

Plaintiff's § 1983 claims against TDOC, a state entity, are barred under the Eleventh Amendment, regardless of the relief sought, because Tennessee has not expressly waived its right to sovereign immunity. Seminole Tribe v. Florida, 517 U.S. 44, 58 (1996)("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."); Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989) (holding that state is not a "person" subject to suit under § 1983). Accordingly, the Court concludes that Plaintiff's § 1983 claim against Defendant TDOC should be dismissed.

As to Plaintiff's claims against Defendants Schofield and Hodge for monetary damages in their official capacities, "the Eleventh Amendment bars § 1983 suits seeking money damages against states and against state employees sued in their official capacities." Rodgers v. Banks, 344 F.3d 587, 594 (6th Cir. 2003) (citing Will, 491 U.S. at 66). The Court concludes that Plaintiff's claims against these Defendants in their official capacities are dismissed and claims for declaratory relief are denied. Moore, 68 F.App'x at 562.

As to Plaintiff's § 1983 claims against Schofield and Hodge in their individual capacities, Plaintiff fails to allege any personal involvement by these individual Defendants. Plaintiff does not cite any specific instances where any of these Defendants personally restricted his access to

the TTY or treated him less favorably than non-hearing-impaired inmates. "It is well settled that to state a cognizable section 1983 claim, the Plaintiff must allege some personal involvement by each of the named defendants." Bennett v. Schroeder, 99 F.App'x 707, 712-13 (6th Cir. 2004).

To the extent that Plaintiff is suing these Defendants in a supervisory capacity, in asserting a § 1983 action against a supervisory official, a plaintiff must show that the defendant was either directly or personally involved in the alleged unconstitutional activity. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). "What is required is a causal connection between the misconduct complained of and the official sued." Id. Liability under § 1983 must be based on more than *respondeat superior* or the right to control employees. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

Id. at 300 (citations omitted).

Plaintiff does not allege that these Defendants had any direct or personal involvement in authorizing, approving, or knowingly acquiescing in any alleged unconstitutional conduct. Accordingly, the Court concludes that the Plaintiff's § 1983 claims against these individual Defendants in their individual capacities should be dismissed.

### 3. Title VI Claim

As to Plaintiff's claim under Title VI, 42 U.S.C. § 2000d provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The purpose of Title VI was to "halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution." Neighborhood Action Collection v. City of Canton, 882 F.2d 1012, 1014 (6th Cir. 1989).

To maintain a private right of action under Title VI, a plaintiff must make a threshold allegation that CCA receives federal assistance. Raines, 2009 WL 3681832, at *3 (citing Buchanan, 99 F.3d at 1356). Here, Plaintiff does not allege that TDOC receives federal assistance or that the use of the TTY is federally funded. Actual federal assistance benefits are necessary for a Title VI claim. Id. (citing Grove City College v. Bell, 465 U.S. 555 (1984)). Moreover, Plaintiff does not allege that he is a racial minority or any facts that he was discriminated against based upon his race, color, or national origin. Accordingly, the Court concludes that this claim should be dismissed.

For these reasons, the Court concludes that TDOC Defendants' motion to dismiss should be granted in part and denied in part.

An appropriate Order is filed herewith.

**ENTERED** this the ___12th___ day of June, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge